Filed 9/22/25  P. v. Henderson CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JAMES ROLAND HENDERSON,<br><br>    Defendant and Appellant. | H052633<br>(Santa Cruz County<br>Super. Ct. No. F25036) |

A jury convicted defendant James Roland Henderson in 2018 of two counts of first degree murder and found true the special circumstance allegation that Henderson committed multiple murders.  The trial court sentenced Henderson to two consecutive terms of life without the possibility of parole.

In 2024, Henderson filed a "Request for Recall of Sentence and Resentencing" pursuant to Penal Code section 1172.1.[1]  The trial court stated in a memorandum that it "takes no action" on Henderson's request.  Henderson appeals.

We conclude that the trial court's decision not to respond to Henderson's recall and resentencing request does not constitute an appealable order because the trial court's decision did not affect Henderson's substantial rights under section 1237, subdivision (b).  We therefore will dismiss the appeal.

---

[1] Unspecified statutory references are to the Penal Code.

# I. PROCEDURAL BACKGROUND[2]

A jury convicted Henderson of two counts of first degree murder (§ 187, subd. (a)). The jury found true an allegation that Henderson committed multiple murders (§ 190.2, subd. (a)(3)). At the conclusion of a sanity trial, the jury determined Henderson was sane when he committed the murders. The trial court sentenced Henderson to two consecutive terms of life without the possibility of parole and imposed various fines and fees. On appeal, this court struck the parole revocation restitution fine imposed under section 1202.45 and affirmed the judgment as modified. (*People v. Henderson* (Dec. 17, 2020, H046281) [nonpub. opn.].)

In 2024, Henderson submitted a request for recall and resentencing under section 1172.1, which permits a trial court to recall the sentence and commitment previously ordered and resentence a defendant in the same manner as if he or she had not previously been sentenced. (*Id.*, subd. (a)(1).) Under this statute, the trial court may recall the sentence and resentence the defendant within 120 days of the date of commitment, or at any time if the applicable sentencing laws at the time of the original sentencing are subsequently changed. (*Ibid.*) Henderson's request cited two changes in sentencing laws he asserted affected his case. He also contended that his "lifelong mental impairment" warranted relief and he attached documentation regarding his mental health issues.

A document from the trial court regarding Henderson's request contains checkboxes for four options: "Your request is approved"; "Your request is approved with the following comments"; "Your request is denied"; and "Your request is denied with the following comments." None of the boxes are checked on the memo, and the memo contains the following note: "The Court takes no action."

---

[2] The facts of the offenses are immaterial to our analysis.

Henderson appealed. This court ordered Henderson to show cause why the appeal should not be dismissed as taken from a nonappealable order. Henderson responded, asserting that the trial court's decision not to act on his recall and resentencing request is appealable under section 1237, subdivision (b). We deferred ruling on the order to show cause for consideration with the merits of the appeal. Henderson then submitted a brief pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216, stating the case and facts but raising no issues.

## II. DISCUSSION

### A. *Legal Principles*

In 2023, the Legislature passed Assembly Bill No. 600 (2023-2024 Reg. Sess.), amending section 1172.1 to grant a trial court the authority to initiate recall and resentencing on the court's own motion at any time, if the applicable sentencing laws have changed since the defendant's original sentencing. (Stats. 2023, ch. 446, § 2.) Section 1172.1, subdivision (a)(1) thus provides in relevant part: "When a defendant, upon conviction for a felony offense, has been committed to the custody of the Secretary of the Department of Corrections and Rehabilitation . . . , the court may, on its own motion, within 120 days of the date of commitment or at any time if the applicable sentencing laws at the time of original sentencing are subsequently changed by new statutory authority or case law, . . . recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if they had not previously been sentenced . . . ." Section 1172.1, subdivision (a)(1) also states: "Recall and resentencing under this section may be initiated by the original sentencing judge, a judge designated by the presiding judge, or any judge with jurisdiction in the case." However, under section 1172.1, subdivision (c): "A defendant is not entitled to file a petition seeking relief from the court under this section. If a defendant requests consideration for relief under this section, the court is not required to respond."

3

"The right to appeal is statutory only, and a party may not appeal a trial court's judgment, order or ruling unless such is expressly made appealable by statute. [Citations.]" (*People v. Loper* (2015) 60 Cal.4th 1155, 1159 (*Loper*).) Henderson asserts that section 1237, subdivision (b) authorizes his appeal. That provision states that an appeal may be taken "[f]rom any order made after judgment, affecting the substantial rights of the party." "Our cases do not provide a comprehensive interpretation of the term 'substantial rights' as used in section 1237, subdivision (b) . . . ." (*Loper*, *supra*, at p. 1161, fn. 3.) "However, a postjudgment order 'affecting the substantial rights of the party' [citation] does not turn on whether that party's claim is meritorious, but instead on the nature of the claim and the court's ruling thereto. [Citations.]" (*Teal v. Superior Court* (2014) 60 Cal.4th 595, 600, fn. omitted (*Teal*).)

The four published Court of Appeal decisions addressing the appealability of a trial court's decision not to respond to a defendant's section 1172.1 request hold that such a decision is generally not appealable because the statute demonstrates that a defendant has no right to a response to a self-initiated request for recall and resentencing. (*People v. Brinson* (2025) 112 Cal.App.5th 1040; *People v. Roy* (2025) 110 Cal.App.5th 991 (*Roy*); *People v. Faustinos* (2025) 109 Cal.App.5th 687; *People v. Hodge* (2024) 107 Cal.App.5th 985 (*Hodge*).)

**B.** *Analysis*

We conclude that the trial court's decision not to respond to Henderson's recall and resentencing request is not an appealable order. Section 1172.1 does not in itself provide Henderson with any substantial rights, and he does not identify any other basis for a substantial right under section 1237, subdivision (b) based on the trial court's decision. As a result, we are without jurisdiction to consider his appeal, and we will dismiss it.

Under section 1172.1, subdivision (c), the trial court was not required to respond to Henderson's request for the court to exercise its own authority to recall his sentence

4

and to resentence him. This "undermine[s] any claim that defendants have a substantial right at stake when they file an unauthorized request for resentencing." (*Hodge*, *supra*, 107 Cal.App.5th at p. 996.) "If the trial court is not required to act in response to a defendant's request, then defendant has no right to a decision as to whether the trial court will make its own motion to recall and resentence." (*Roy*, *supra*, 110 Cal.App.5th at p. 998.) Here, the trial court specifically stated that it declined to act on Henderson's request for recall and resentencing, consistent with its discretion under section 1172.1, subdivision (c).

Henderson's brief in response to this court's order to show cause relies on *Loper*, *supra*, 60 Cal.4th 1155 to argue that he may appeal from the trial court's decision not to respond to his recall and resentencing request. However, *Loper* is distinguishable.

In *Loper*, the California Supreme Court concluded that the defendant could appeal a trial court's denial of a recommendation by the Department of Corrections and Rehabilitation that the defendant's sentence be recalled under section 1170, former subdivision (e) and that he be granted compassionate release. (*Loper*, *supra*, 60 Cal.4th at pp. 1158-1159.) The California Supreme Court stated, "a defendant may appeal an adverse decision on a postjudgment motion or petition if it affects his substantial rights, even if someone else brought the original motion." (*Id.* at p. 1165.) Our Supreme Court concluded that the trial court's denial of the recommendation affected Loper's substantial rights because "[b]y providing a mechanism for releasing eligible prisoners from custody, [former] section 1170(e) implicates a prisoner's substantial interest in personal liberty" and because the statute "establishe[d] clear eligibility criteria [citation], suggesting that discretion is not unfettered when evidence is presented satisfying the statutory criteria." (*Id.* at p. 1161, fn. 3.)

*Loper* is distinguishable because there, the trial court was *required* to consider whether to recall the defendant's sentence in response to a recommendation by the Secretary of the Department of Corrections and Rehabilitation. Under section 1170,

5

former subdivision (e)(3): "Within 10 days of receipt of a positive recommendation by the secretary or the board, the court *shall* hold a hearing to consider whether the prisoner's sentence should be recalled." (Italics added.) (Stats. 2014, ch. 26, § 17, subd. (e)(3); see also *Teal*, *supra*, 60 Cal.4th at p. 600 [trial court's determination that petitioner was ineligible for resentencing under section 1170.126 was appealable where the trial court was required to determine petitioner's eligibility for resentencing upon filing of the petition].) In the instant case, by contrast, section 1172.1, subdivision (c) expressly states "the court is not required to respond" to a defendant's request for recall and resentencing, and the statute provides no eligibility criteria similar to that in *Loper*. Thus, *Loper* does not control here.

In addition, Henderson cites *People v. Carmony* (2004) 33 Cal.4th 367 (*Carmony*) to assert that a trial court's decision not to act on a section 1172.1 request is appealable. We conclude that *Carmony* does not support his argument.

*Carmony* involved a trial court's denial of a request to dismiss prior strikes pursuant to section 1385. (*Carmony*, *supra*, 33 Cal.4th at p. 371.) Under section 1385, subdivision (a), a trial court "may, either on motion of the court or upon the application of the prosecuting attorney, and in furtherance of justice, order an action to be dismissed." Carmony asked to dismiss two prior strike convictions under section 1385, but based on his record, the trial court concluded Carmony fell within the spirit of the "Three Strikes" law and declined to dismiss the strikes. (*Carmony*, *supra*, at p. 373.)

The California Supreme Court concluded that the trial court's decision not to strike prior conviction allegations should be reviewed under the abuse of discretion standard. (*Carmony*, *supra*, 33 Cal.4th at p. 371.) Our Supreme Court rejected the "faulty" reasoning of a prior Court of Appeal decision "to the extent it holds that appellate courts lack authority to review a trial 'court's informed decision' not to 'exercise its section 1385 power in the furtherance of justice.' [Citation.]" (*Id.* at p. 375.) Our Supreme Court held: "A defendant has no right to make a motion, and the

6

trial court has no obligation to make a ruling, under section 1385. But he or she does have the right to 'invite the court to exercise its power by an application to strike a count or allegation of an accusatory pleading, and the court must consider evidence offered by the defendant in support of his assertion that the dismissal would be in furtherance of justice.' [Citation.]" (*Ibid.*) Noting that the prosecution has the power to appeal a trial court's decision to dismiss a strike, the court concluded that "as a matter of logic and fairness, the defendant should have the concomitant power to appeal a court's decision not to dismiss a prior under section 1385 even though he or she cannot make a motion to dismiss." (*Id.* at p. 376.)

*Carmony* does not apply to the instant situation. Carmony had a statutory right to appeal from a final judgment of conviction under section 1237, subdivision (a). Accordingly, the *Carmony* court had no occasion to consider whether the trial court's decision affected Carmony's substantial rights under section 1237, subdivision (b) because the decision was not an "order made after judgment." The opinion in *Carmony* dealt with the applicable standard of review regarding a trial court's denial of a request to dismiss prior strike allegations, not the appealability of such a ruling. "It is axiomatic that cases are not authority for propositions not considered. [Citations.]" (*People v. Ault* (2004) 33 Cal.4th 1250, 1268, fn. 10.)

Henderson also relies on a concurring opinion in a denial of a petition for review that applied *Carmony* to a question involving section 1172.1. (*Baker v. Superior Court* (Oct. 2, 2024, No. 286009) ___Cal.5th ___ [2024 Cal. Lexis 5516] (conc. opn. of Evans, J.).) That opinion does not support Henderson's argument that his substantial rights have been affected. The concurring opinion did not discuss the appealability of a trial court's decision not to respond to a defendant's section 1172.1 request but instead involved an assertion that the trial court adopted a policy of denying defendant-initiated section 1172.1 requests. The opinion merely cited *Carmony* for the general principle that

7

a defendant may invite the trial court to exercise its discretionary sentencing powers, a principle not in dispute here.

The trial court declined to respond to Henderson's request for recall and resentencing, consistent with its authority under section 1172.1, subdivision (c). We see nothing in the record showing that the nature and claim of the trial court's order affected Henderson's substantial rights under section 1237, subdivision (b). Accordingly, we will dismiss the appeal.

### III. DISPOSITION

The appeal is dismissed.

_____
Greenwood, P. J.

WE CONCUR:



_____
Danner, J.




_____
Bromberg, J.




H052633 People v. Henderson